UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NORMAND FOGARTY,

    Plaintiff,

    v.

WEXFORD MEDICAL SERVICES, et al.,

    Defendants.

CAUSE NO. 3:21-CV-129-JD-MGG

OPINION AND ORDER

Normand Fogarty is a prisoner at Westville Correctional Facility ("Westville") proceeding without a lawyer. He filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed pro se is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

The complaint is lengthy and contains sprawling allegations regarding Mr. Fogarty's incarceration at Westville. Giving the complaint liberal construction, Mr. Fogarty alleges that he has suffered from chronic constipation for the past 20 years, has "slipped" discs in his back and previously had spinal fusion surgery, and has pain in his neck that radiates down into his arms and hands. He also has a history of stroke and blood clots and is confined to a wheelchair. He transferred to Westville from another prison in April 2019, and claims he has been receiving inadequate treatment for these conditions since that date. As for his constipation, he claims that Drs. Andrew Liaw and Jason Jackson refuse to prescribe a medication that has worked for him in the past,

Linzess, and instead will only give him Dulcolax. He claims that Dulcolax does not work for him, that he has gone as long as eight days without a bowel movement, and has chronic stomach pain that at times is excruciating.

He further claims that in November 2020, he was having significant stomach pain, but Nurse Cleary (first name unknown) and Nurse Dorothy Livers denied his requests to see a doctor and delayed his receipt of a Dulcolax refill, prolonging his pain. In February 2021, he told Nurse Practitioner Patel (first name unknown) that the Dulcolax was not helping his pain, and she allegedly told him this was normal and to drink more water, even though he told her he was already drinking approximately 100 ounces of water a day. She also told him to exercise, but he claims it is very difficult for him to be active due to the fact that he is in a wheelchair. He claims Nurse Practitioner Patel essentially ignored the information he gave her and provided "no help."

As for his neck and back pain, he claims that Dr. Jackson ordered x-rays, which he underwent in June 2020 and July 2020, but to date the doctor has not come up with a treatment plan. He has in the past been given a prednisone shot and Tylenol, but they have not worked to control his pain. He further claims that around June 2020, he suffered a fall as he was transferring from his wheelchair to his bunk, causing him new pain in his middle back. He saw Dr. Jackson after the fall but the doctor allegedly refused to discuss the fall or his middle back pain, telling him he was only there to discuss his neck. He attempted to do physical therapy for his back as ordered by Dr. Liaw, but had so much pain in his thigh that he stopped, concerned it might be a blood

clot. Based on these allegations, he sues a variety of defendants, seeking money damages and injunctive relief.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) that he had an objectively seriously medical need and (2) that the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize the need for medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the second prong, inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 ( citation and internal quotation marks omitted).

At the same time, a prisoner is not required to show that he was "literally ignored" to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Additionally, a "prison physician cannot simply continue with a course of treatment

3

that he knows is ineffective in treating the inmate's condition." *Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011). "[A] doctor's choice of the easier and less efficacious treatment for an objectively serious medical condition" can amount to deliberate indifference. *Berry*, 604 F.3d at 441.

Giving Mr. Fogarty the inferences to which he is entitled at this stage, he has alleged a plausible Eighth Amendment claim for monetary damages against Dr. Liaw, Dr. Jackson, Nurse Livers, Nurse Cleary, and Nurse Practitioner Patel for ignoring his complaints of pain and failing to provide proper treatment for his digestive issues, neck pain, and back pain. Mr. Fogarty also seeks injunctive relief related to his ongoing need for medical care for these conditions. Westville Warden John Galipeau has both the authority and the responsibility to ensure that inmates at his facility are provided constitutionally adequate medical treatment as required by the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Mr. Fogarty will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical care.

Mr. Fogarty also sues Wexford of Indiana, LLC ("Wexford"), the private company that employs medical staff at Westville. A private company may be held liable for constitutional violations when it performs a state function. *See Hildreth v. Butler*, 960 F.3d 420, 422 (7th Cir. 2020). However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and Wexford cannot be held liable solely because it employs the medical professionals involved in Mr. Fogarty's care. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A private company performing a public function can also be held liable

4

to the same extent as a government actor under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Mr. Fogarty includes boilerplate about an alleged unlawful policy or custom in his complaint, but there is no factual content in the complaint from which it can be plausibly inferred that the prison has an official policy of providing inadequate medical care to inmates. Nor is there any indication that it was an official policy or practice that caused his injury. Rather, his complaint describes individual failings by the medical professionals who have been involved in his care. He will not be permitted to proceed against this corporate defendant.

He also names as a defendant the Indiana Department of Correction, apparently in connection with his medical policy claim. A state agency cannot be held liable under *Monell*, however, because it is not a "person" within the meaning of 42 U.S.C. § 1983. *de Lima Silva v. Dep't of Corr.*, 917 F.3d 546, 565 n.15 (7th Cir. 2019). Additionally, the Eleventh Amendment precludes claims for monetary damages against a state and its agencies. *Id.* at 565. This defendant will be dismissed.

In addition to his Eighth Amendment medical care claims, Mr. Fogarty's complaint contains a variety of other claims, specifically that: his legal mail was mishandled; he was denied access to a toilet during a seven-hour period in August 2019 while the water was off in his dorm; officials at IDOC central office in Indianapolis ignored his complaints that he is being excluded from a college program due to the fact that the program is not accessible to individuals in a wheelchair; the grievance specialist at Westville violated his First Amendment rights after he filed a grievance over a

"urine" smell in the hallway of his dorm, placing him on a 30-day grievance restriction during January 2020; and he is not receiving "medical idle" pay even though he was receiving social security benefits before his incarceration, which he believes to be a violation of his rights as a disabled person. The court finds that these claims are not sufficiently related to his Eighth Amendment medical care claims to proceed in the same lawsuit. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The court finds it particularly inappropriate to try to litigate all these discrete claims together given the pressing nature of Mr. Fogarty's medical claims. These claims will be dismissed without prejudice to Mr. Fogarty asserting them in separate lawsuits, should he choose to do so.

As a final matter, Mr. Fogarty separately moves for a preliminary injunction. (ECF 4.) He argues that he is in need of additional medical care to address his pain and other symptoms while this case is pending. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). To obtain a preliminary injunction, the plaintiff must show: (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). If the plaintiff makes this showing, the court then "weighs the competing harms to the parties if an injunction is granted or denied and also considers the public interest." *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013).

An injunction ordering the defendant to take an affirmative act rather than merely refrain from specific conduct, like the one Mr. Fogarty seeks here, is "cautiously viewed and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1997) (quotation marks and citation omitted). Additionally, "[t]he PLRA circumscribes the scope of the court's authority to enter an injunction in the corrections context." *Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012). As the Seventh Circuit has explained:

> Where prison conditions are found to violate federal rights, remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right. This section of the PLRA enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: Prison officials have broad administrative and discretionary authority over the institutions they manage.

*Id.* (quotation marks, citations, and alterations omitted). Based on the above, the court will order the Warden to respond to the motion for a preliminary injunction before taking further action.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Dr. Andrew Liaw, Dr. Jason Jackson, Nurse Dorothy Livers, Nurse Cleary (first name unknown), and Nurse Practitioner Patel (first name unknown) in their personal capacities for monetary damages for failing to provide adequate medical care for his back pain, neck pain, and digestive issues from April 2019 to the present in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Warden John Galipeau in his official capacity on an Eighth Amendment claim to obtain injunctive relief related to medical care needed to address his pain and digestive issues;

7

(3) DISMISSES WITHOUT PREJUDICE his claims related to his legal mail, his access to a toilet during a seven-hour period in August 2019, his participation in a college program, his filing of a grievance about a "urine" smell in the hallway of his dorm, and his medical idle pay as outlined in this order;

(4) DISMISSES all other claims;

(5) DISMISSES Wexford Medical Services, the Indiana Department of Correction, Robert Carter, and John Harvil as defendants;

(6) DIRECTS the clerk to request a Waiver of Service from Warden John Galipeau by email to the Indiana Department of Correction with a copy of this order and the complaint (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(7) DIRECTS the clerk to fax or email a copy of the same documents to Warden John Galipeau at Westville Correctional Facility;

(8) DIRECTS the United States Marshals Service to serve process on Warden John Galipeau pursuant to 28 U.S.C. § 1915(d) by **March 23, 2021**, if he has not filed an appearance by **March 9, 2021**;

(9) ORDERS Warden John Galipeau to file and serve a response to the motion for a preliminary injunction (ECF 4) as soon as possible, but no later than **April 2, 2021**, with supporting medical documentation and declarations from staff as necessary, addressing the status of the plaintiff's medical conditions, what medical evaluations and treatment he has received to date, and what future course of treatment, if any, has been prescribed;

(10) DIRECTS the clerk to request a Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Dr. Andrew Liaw, Dr. Jason Jackson, Nurse Dorothy Livers, Nurse Cleary (first name unknown), and Nurse Practitioner Patel (first name unknown) at Wexford of Indiana, LLC, and to send them a copy of this order and the complaint (ECF 2) pursuant to 28 U.S.C. § 1915(d);

(11) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, to the extent this information is available; and

(12) ORDERS Warden John Galipeau, Dr. Andrew Liaw, Dr. Jason Jackson, Nurse Dorothy Livers, Nurse Cleary (first name unknown), and Nurse Practitioner Patel (first name unknown) to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 23, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT