UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| NORMAND FOGARTY, <br><br> Plaintiff, <br><br> v. <br><br> DOROTHY LIVERS and WARDEN GALIPEAU, <br><br> Defendants. | CAUSE NO. 3:21-CV-129-JD |

<u>OPINION AND ORDER</u>

Normand Fogarty, a prisoner without a lawyer, is proceeding in this case on two claims. ECF 56. First, he is proceeding "against Nurse Dorothy Livers in her personal capacity for monetary damages for failing to provide adequate medical care for his chronic constipation in violation of the Eighth Amendment[.]" *Id.* at 9. Second, he is proceeding "against Warden John Galipeau in his official capacity on an Eighth Amendment claim to obtain injunctive relief related to his ongoing need for medical care to address his constipation[.]" *Id.* at 10. Nurse Livers and Warden Galipeau filed separate motions for summary judgment. ECF 126, 130. Fogarty filed responses to both summary judgment motions, and both defendants filed replies. ECF 144, 146, 147, 157. The summary judgment motions are now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the

evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To be held liable for deliberate indifference to an inmate's medical needs, a medical professional must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Furthermore, a prisoner is not entitled to demand specific care, nor is he entitled to the "best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "Whether and how pain associated with medical treatment should be mitigated is for doctors to

2

decide free from judicial interference, except in the most extreme situations." *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996). Where the defendants have provided some level of care for a prisoner's medical condition, in order to establish deliberate indifference the prisoner must show that "the defendants' responses to [his condition] were so plainly inappropriate as to permit the inference that the defendants intentionally or recklessly disregarded his needs." *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate treatment does not amount to an Eighth Amendment violation. *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

*Nurse Livers*

Fogarty is proceeding against Nurse Livers "for failing to provide adequate medical care for his chronic constipation[.]" ECF 56 at 9. In his deposition, Fogarty testified he is suing Nurse Livers for turning a "blind eye" to his chronic constipation by inadequately responding to his Healthcare Request Forms ("HCRF") between May 2021 and August 2021. ECF 133 at 6, 17-18. Specifically, Fogarty testified Nurse Livers turned a "blind eye" to his chronic constipation for two reasons. *Id.* at 17-18.

First, Fogarty testified Nurse Livers turned a blind eye to his chronic constipation by inadequately responding to HCRF 122076. *Id.* The evidence shows Fogarty submitted HCRF 122076 on June 26, 2021, complaining his bowels had been barely moving for 15 days and requesting to see a provider. ECF 133 at 10-12, 27. Nurse Livers responded to HCRF 122076 on July 13, 2021, stating "Submit HCRF to be seen in sick call." *Id.* The next day, Fogarty submitted another HCRF and was seen by a nurse that

same day for his constipation. *Id.* at 10-13. The nurse provided him a bottle of magnesium citrate, offered to perform an enema, and referred him to see a provider. *Id.* at 12. On July 19, 2021, Fogarty saw Dr. Jackson, but he asserts Dr. Jackson refused to discuss his chronic constipation on this occasion. *Id.* at 14.

Here, no reasonable jury could conclude that Nurse Livers' response to HCRF 122076 violated Fogarty's Eighth Amendment rights. Specifically, Nurse Livers responded to HCRF 122076 on July 13, 2021, by instructing Fogarty to submit a new HCRF to be seen in sick call. There is no evidence Nurse Livers saw HCRF 122076 at any point prior to July 13, 2021. The next day, Fogarty submitted a new HCRF and was seen by a nurse, provided treatment, and referred to a provider. Five days later, Fogarty was seen by Dr. Jackson. While Fogarty asserts Dr. Jackson refused to discuss his chronic constipation during this visit, there is no evidence Nurse Livers was aware of Dr. Jackson's refusal. Because Nurse Livers responded to HCRF 122076 by ensuring Fogarty was seen by medical staff and provided treatment, no reasonable jury could conclude her response violated Fogarty's Eighth Amendment rights.

Second, Fogarty testified Nurse Livers turned a blind eye to his chronic constipation for failing to schedule him to see a provider despite him submitting nine additional HCRF between May 2021 and August 2021. ECF 133 at 9-10, 17. However, Fogarty conceded at his deposition he had no evidence Nurse Livers saw or responded to any of these HCRF other than HCRF 122076. *Id.* at 11, 15. Moreover, Fogarty's medical records show Nurse Livers responded to HCRF 122076, but that Fogarty's remaining HCRF during this time period were responded to by other medical

4

personnel. ECF 122 at 202-03, 206-07, 211-17. Thus, because there is no evidence Nurse Livers saw or was involved in responding to any of these remaining HCRF, no reasonable jury could conclude her lack of response violated Fogarty's Eighth Amendment rights. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (Under 42 U.S.C. § 1983, "[o]nly persons who cause or participate in the violations are responsible"). Regardless, Fogarty's medical records show he was regularly examined, monitored, and treated for his chronic constipation between May 2021 and August 2021. Specifically, his medical records show: (1) he was seen by nurses regarding his chronic constipation on May 22, 2021, May 27, 2021, June 10, 2021, and July 14, 2021; (2) he saw Dr. Jackson on May 19, 2021, and July 19, 2021; (3) he had a provider visit scheduled with Dr. Liaw for June 14, 2021, which was cancelled and rescheduled; and (4) he received an ultrasound on May 12, 2021, and an x-ray on May 28, 2021. ECF 122 at 111-18, 139-54, 161-71.

Thus, based on the evidence in the record, no reasonable jury could conclude Nurse Livers was deliberately indifferent to Fogarty's chronic constipation for inadequately responding to his HCRF between May 2021 and August 2021. Summary judgment is warranted in favor of Nurse Livers.

### *Warden Galipeau*

Fogarty is proceeding against Warden Galipeau "on an Eighth Amendment claim to obtain injunctive relief related to his ongoing need for medical care to address his constipation[.]" ECF 56 at 10. Before turning to the merits, a jurisdictional issue must be addressed. The docket reflects Fogarty was transferred from Westville Correctional

Facility to Plainfield Correctional Facility in April 2022, and released from IDOC custody in July 2022. ECF 135, 155. Because Fogarty is no longer in IDOC custody, Warden Galipeau is no longer responsible for his medical care. Accordingly, Fogarty's claim for injunctive relief related to his need for ongoing medical care has become moot and will be dismissed.[1] *See Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996); see *also Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) ("For a case to be justiciable, a live controversy must continue to exist at all stages of review, not simply on the date the action was initiated.").

For these reasons, the court:

(1) DISMISSES Fogarty's claim for injunctive relief against Warden Galipeau;

(2) GRANTS Nurse Livers' motion for summary judgment (ECF 130); and

(3) DIRECTS the clerk to enter judgment in favor of Nurse Livers and against Normand Fogarty and to close this case.

SO ORDERED on February 6, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] Although Warden Galipeau has not raised this issue, courts have a "constitutional obligation to resolve the question of mootness and address it *sua sponte* if needed." *E.F.L. v. Prim*, 986 F.3d 959, 962–63 (7th Cir. 2021) (citation and internal quotation marks omitted).